**Opinion filed July 25, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00168-CV
_____

## IN RE A.S. AND B.J.

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

This mandamus proceeding arises from an underlying government-initiated suit affecting the parent-child relationship filed against Relators, A.S. and B.J.  The Texas Department of Family and Protective Services (the Department) filed this suit and sought temporary managing conservatorship of Relators' three minor children after their one-year-old child was accidentally shot and killed by her sibling when the sibling discharged one of the eleven loaded, unsecured guns in Relators' home. Respondent, the Honorable Jennifer Habert, the presiding judge of the 50th District Court of Knox County, found that sufficient evidence of aggravated circumstances was presented, which permitted ordering an accelerated trial schedule; Judge Habert

also determined that it was appropriate to waive certain requirements of the Department to facilitate reunification. *See* TEX. FAM. CODE ANN. § 262.2015 (West Supp. 2023).

Relators filed a joint petition for writ of mandamus alleging that Judge Habert abused her discretion by: (1) denying Relators' request to appoint a separate guardian ad litem and attorney ad litem for the children because a conflict exists for Sarah Ladd, who was appointed to and currently serves both roles, to act in this dual capacity; (2) "refusing to honor its implied promise" to "consider" removing Relators' case from the accelerated trial schedule; (3) refusing to allow Relators, who are "indigent mixed race" parents, "the opportunity to work services towards reunification;" and (4) failing to strike the attorney ad litem's (Ladd's) cross-petition. Because we conclude that there is no clear abuse of discretion for which Relators lack an adequate remedy on appeal, we deny the petition for writ of mandamus.

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). With respect to the first requirement, a trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (quoting *Walker*, 827 S.W.2d at 839). In addition, because a trial court has no discretion in determining what the law is or in applying it to the facts, a trial court abuses its discretion if it fails to correctly analyze or apply the law. *See*

*Prudential*, 148 S.W.3d at 135; *see also In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding).

Relators first assert that Judge Habert abused her discretion when she appointed Ladd to serve in the dual capacity as guardian ad litem and attorney ad litem for the children. Relators' argument is unfounded. The Family Code clearly permits a trial court to appoint an attorney ad litem to also act as the subject-child's guardian ad litem. *See* FAM. § 107.0125 (West 2019). While both the attorney and guardian ad litem must consider the child's expressed objectives, neither are bound by the child's wishes, and must instead advance the child's best interest. *See id.* § 107.002 (West Supp. 2023), § .008. Based on our review of the record, we conclude that Judge Habert did not clearly abuse her discretion when she appointed Ladd to act as both the guardian ad litem and attorney ad litem for the children in this instance.

Relators next contend that Judge Habert failed to fulfill her "implied promise" to remove this case from the accelerated trial schedule, and that Judge Habert "is treating this poor mixed race family disproportionately harshly." The record does not support Relators' contentions. As such, we conclude that Judge Habert did not clearly abuse her discretion when she decided to continue with the accelerated trial schedule that she previously ordered. We further deny Relators' request "to grant mandamus and order Respondent . . . to discontinue her biased rulings," as there is no evidence in the record of any disproportionate or disparate treatment by Judge Habert in any respect, much less directed at Relators.

Finally, Relators request that we order Judge Habert to strike Ladd's cross-petition, arguing that Ladd lacks standing to file it. The Family Code permits the child or children, "through a representative authorized by the court," to file suit. *See* FAM. § 102.003(a)(2). Here, Ladd filed the cross-petition on the children's behalf.

Furthermore, an attorney ad litem is required to "participate in the conduct of the litigation to the same extent as an attorney for a party." *See* FAM. § 107.003(a)(1)(F). Therefore, we conclude that Judge Habert did not clearly abuse her discretion when she denied Relators' motion to strike Ladd's cross-petition.

Accordingly, because the record is devoid of any clear abuse of discretion by Judge Habert, we deny Relators' petition for writ of mandamus.


W. STACY TROTTER
JUSTICE


July 25, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.